UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

                Plaintiff,

v.                                           Case No. 17-cv-65-pp

MICHAEL BAENEN, PETE ERICKSON,
SARAH COOPER, SCHULTZ, LESATZ,
CAPTAIN BRANT, CAPTAIN STEVENS,
LT. SWIEKATOWSKI, SGT. SEGERSTORM,
LADE, MICHAEL MOHR, KATHY FRANCOIS,
WELCOME ROSE, CHARLES FACKTOR,
CHARLES COLE, CINDY O'DONNELL,
OBERHOFER, HEIL, JESSICA BONDER,
and SCOTT WALKER,

                Defendants.

## DECISION AND ORDER REQUIRING PLAINTIFF
## TO FILE A SECOND AMENDED COMPLAINT

The plaintiff, a state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. Dkt. No. 1. On December 18, 2017, the plaintiff filed an amended complaint, which replaced the original complaint. Dkt. No. 7; See Fed. R. Civ. Pro. 15. Even though the plaintiff paid the full $400 filing fee, the Prison Litigation Reform Act (PLRA) requires the court to screen the amended complaint, because the plaintiff is a prisoner seeking relief against employees of a governmental entity. 28 U.S.C. §1915A(a).

## I. FEDERAL SCREENING STANDARD

The court must dismiss a complaint if a plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A claim is legally frivolous when "it lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may, therefore dismiss a claim as frivolous where it "is based on an indisputably meritless legal theory" or where the "factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). That said, a complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). Rather, a complaint must contain sufficient factual matter, accepted as true, that is

2

plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

To proceed under 42 U.S.C. §1983, a plaintiff must allege facts sufficient to support the inference that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## II. SCREENING OF THE PLAINTIFF'S AMENDED COMPLAINT

As noted above, Fed. R. Civ. P. 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374,

378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013) (quoting Garst, 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Id.

In this case, the plaintiff's amended complaint consists of twenty handwritten pages with more than 100 paragraphs of factual and legal assertions. Dkt. No. 7. As the Seventh Circuit indicated in Kadamovas, if the plaintiff has included any factual allegations that have merit, they are buried in pages and pages of conclusions, allegations and excessive and unnecessary detail.

Not only is the complaint long and wordy, but, as best the court can tell, it appears to contain allegations of different kinds of injuries allegedly committed by different groups of defendants over the span of more than two years. The plaintiff appears to allege, for example, that a correctional officer sexually assaulted him during multiple searches; that other correctional officers stole property from his cell and retaliated against him by placing him in segregation; and that another correctional officer retaliated against him after he threatened to sue her.

Fed. R. Civ. P. 18(a) allows a plaintiff to "put in one complaint every claim of any kind against a single defendant," but a plaintiff may "present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.' Rule 20(a)(2)(A)." <u>Wheeler v. Wexford Health Sources, Inc.,</u> 689 F.3d 680, 683 (7th Cir. 2012). Fed. R. Civ. P. 20(a)(2)(B) states that individuals may be joined in a case as defendants only if there are questions of law or fact common to "all" defendants. In other words, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." <u>Id.</u> (citing <u>George v. Smith,</u> 507 F.3d 605 (7th Cir. 2007)).

The plaintiff appears to have done what the Seventh Circuit, and Rules 18 and 20 of the Federal Rules of Civil Procedure, state that he cannot do. He has sued twenty different individuals relating to a number of different incidents and allegations. The one thing that all of these individuals have in common is that the plaintiff came into contact with them as a result of his incarceration. That is not a sufficient basis for the court to conclude that his claims are all related or that there are questions of law and fact common to all of the defendants.

Before this case goes any further, the court will require the plaintiff to file a second amended complaint that complies with Fed. R. Civ. P. 8, 18 and 20. The amended complaint must provide a "simple, concise, and direct" statement of his claims. <u>Bennett v. Schmidt,</u> 153 F.3d 516, 518 (7th Cir. 1998). The plaintiff should "avoid a rambling, incoherent complaint." <u>Ford v. Flannery,</u> No.

2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). The plaintiff does not need to include every detail giving rise to his claim(s); he needs to provide only enough facts that the court can reasonably infer that the defendants did what the plaintiff alleges they did. The plaintiff must be careful to choose from among his many claims only those claims that are related to one another and that arise out of the same underlying circumstances or events. For example, if he chooses to file a complaint alleging that certain defendants violated his right to file a grievance, he should include in that complaint only the facts relating to the grievance process, and should name only those individuals who were involved in the alleged violations that occurred during that process. If he also wants to pursue a claim against an officer who thinks retaliated against him for suing her, he must file a second, separate complaint to make that allegation.

As the plaintiff considers which claims to include in his second amended complaint, he should remember that "[p]ublic officials do not have a free-floating obligation to put things to rights . . . ." Burks v. Raemisch, 555 F.3d 592, 595 (7th Cir. 2009). This is because "public employees are responsible for their own misdeeds but not for anyone else's." Id. Denying a prisoner's complaint or agreeing with another employee's recommendation on an inmate complaint does not itself violate a prisoner's constitutional rights, nor does it make a person liable for the alleged misconduct of another person. See id. In other words, plaintiff should name as defendants only those individuals who

6

were personally involved in or responsible for the alleged constitutional violation.

The court is enclosing with this order a guide for *pro se* prisoners that explains how to file a complaint that the court can effectively screen. The court also will include a blank prisoner complaint form. The court will require the plaintiff to use that form to file his second amended complaint. See Civil L. R. 9 (E.D. Wis.). If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, the plaintiff believes he needs more space than is provided in the form complaint, he may attach a maximum of three handwritten pages or five typed, double-spaced pages.

### III. CONCLUSION

The court **ORDERS** that the plaintiff shall file a second amended complaint that complies with the instructions in this decision. The court **ORDERS** that the plaintiff shall file the second amended complaint in time for the court to receive it by the end of the day on **April 20, 2018**,

The court **ORDERS** that, under the Prisoner E-Filing Program, the plaintiff must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.[1] If the plaintiff is no longer incarcerated at a Prisoner E-Filing institution, he will be required to submit all correspondence and legal material to:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss his case based on his failure to prosecute. The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court will mail the plaintiff a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated in Milwaukee, Wisconsin, this 16th day of March, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**