UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

                Plaintiff,

v.                                    Case No. 17-cv-65-pp

MARK LESATZ, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO ORDER A CRIMINAL JOHN DOE INVESTIGATION (DKT. NO. 14) AND DENYING PLAINTIFF'S MOTION FOR ORDER TO SUBSTITUTE JUDGE (DKT. NO. 15)**

The plaintiff, who is representing himself in this civil rights case, has filed two motions. First, he asks the court "to order the Wisconsin Attorney General's office, to conduct a John Doe investigation into Officer Lade illegally sexual[ly] assaulting the plaintiff." Dkt. No. 14. In the second, the plaintiff asks the Chief Judge "to remove Judge Pamela Pepper off of [this case] based on the grounds that she's bias[ed], prejudice[d] and possibly even criminally and civilly conspired with state officials and their attorneys to cover up several counts of sexual assault and a criminal and civil conspiracy that has taken place against the plaintiff." Dkt. No. 15. The court will deny the motions.

    A U.S. District Court judge does not have the authority to order a Wisconsin district attorney to initiate a John Doe investigation. Under Wis. Stat. §968.26, an individual who is not a district attorney may make a complaint to the district attorney, alleging that the person believes that a crime

1

has been committed and asking the district attorney to conduct a John Doe investigation. The statute provides that *only* the district attorney has the authority to issue charges, and *only* the district attorney or a Wisconsin State judge may convene an investigation into allegations of criminal activity. See Wis. Stat. §§968.26(1m), (2)(am), 2(b). The statute does not give a civilian or a federal judge any rights at all. Because neither the plaintiff nor this court have a right to compel the district attorney to conduct an investigation or to issue charges, the court will deny the plaintiff's motion.

The court treats the second motion as a motion asking me, Judge Pepper, to recuse myself (remove myself from his case). The plaintiff asserts that I am biased. He believes I have communicated with the defendants and their lawyers outside of his presence and that I hate inmates and believe they "have a right" to be sexually assaulted. Dkt. No. 15 at 3. The plaintiff's only evidence supporting these conclusions is that the court dismissed certain defendants in the order screening his amended complaint. See Dkt. No. 13.

"The disqualification of a judge for actual bias or prejudice is a serious matter, and it should be required only when the bias or prejudice is proved by compelling evidence." United States v. Balistieri, 779 F.2d 1191, 1202 (7th Cir. 1985). A federal judge must disqualify herself from a proceeding "[w]here [s]he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1). I have no bias or prejudice against the plaintiff. I have not communicated with any of the defendants or their lawyers about this case outside of the plaintiff's presence (or at all). My interactions about this case—with the plaintiff, the

defendants and the defendants' lawyers—have been limited to written communications, all of which are publicly available on the docket. The court will mail the plaintiff a copy of the docket along with this decision. I do not hate inmates—for many years, I was a criminal defense attorney, and I represented inmates and tried to help them understand their rights—and I strongly believe that no person, regardless of his or her incarceration status, should be subjected to sexual assault.

It is well established that "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." Hook v. McDade, 89 F.3d 350 355 (7th Cir.1996). I understand that the plaintiff disagrees with my decisions in the screening order, but this is an insufficient reason for me to recuse myself. Given that the plaintiff has alleged no exceptional circumstances warranting my recusal, it would be improper to grant his motion.

The court **DENIES** the plaintiff's motion for order for a criminal John Doe investigation. Dkt. No. 14.

The court **DENIES** the plaintiff's motion for order to substitute judge. Dkt. No. 15.

Dated in Milwaukee, Wisconsin, this 4th day of December, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**