UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

                    Plaintiff,

        v.                                    Case No. 17-cv-65-pp

ROBERT LADE,

                    Defendant.

**DECISION ON PLAINTIFF'S MOTIONS FOR**
**WRIT OF *HABEAS CORPUS AD TESTIFICANDUM*, DKT NOS. 88, 89**

        Plaintiff Brian Maus is proceeding on a claim under the Eighth
Amendment against Defendant Robert Lade based on assertions that in six
different pat searches the defendant "grabbed and touched and felt all on [his]
pen[is] groin and nuts between 4 to 7 seconds." Dkt. No. 61 at 1-2. In denying
the defendant's motion for summary judgment, the court concluded that a
dispute existed over the extent and nature of the defendant's six pat searches
of the plaintiff. Dkt. No. 67. Trial is scheduled to begin on August 16, 2021.

        On July 28, 2021, the plaintiff filed two petitions and orders for writ of
*habeas corpus ad testificandum*, in which he states his intention to call inmates
Gawaine Edwards and Eddie Bunch as witnesses.[1]  The plaintiff expects the

_____

[1] The plaintiff has requested that, if the inmates are allowed to testify, they do
so via videoconference from their institutions. The court informed plaintiff's
counsel that writs of *habeas corpus ad testificandum* are unnecessary. The
court advised counsel to serve trial subpoenas on the witnesses with a
tentative date and time. Counsel subsequently notified the court that he issued
the subpoenas but will cancel them if the court denies admission of the
inmates' testimony. See Dkt. No. 96 at 2, n. 1.

witnesses to testify about their experiences "being patted down by defendant in the same manner as [the plaintiff] complains of in this case." Dkt. Nos. 88, 89. The defendant objects to the introduction of this evidence, arguing that "[t]he evidence presented to the jury should be limited to the specific incidents alleged by [the plaintiff]." Dkt. No. 93 at 1.

The Seventh Circuit has explained that "[a]ll evidentiary questions begin with Rule 402 [of the Federal Rules of Evidence], which contains the general principle that "[r]elevant evidence is admissible" and [i]rrelevant evidence is not." U.S. v. Gomez, 763 F.3d 845, 853 (7th Cir. 2014). Under Fed. R. Evid. 401, "evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." The parties appear to concede that testimony from these witnesses that the defendant searched them in the same manner alleged by the plaintiff is relevant. After all, it is more probable that the defendant searched the plaintiff in the manner the plaintiff describes if, around the same time, he also searched other inmates in the same manner.

But whether evidence is relevant is only the start of the inquiry. Evidence introduced to suggest that, if a person did something once, he probably did it again is generally not admissible. The key rule is Fed. R. Evid. 404(b)(1), which "excludes relevant evidence of other crimes, wrongs, or acts if the purpose is to show a person's propensity to behave in a certain way . . . ." Gomez, 763 F.3d at 855. Rule 404(b)(2) allows evidence of other bad acts if inferences such as intent or motive can be inferred, but if the evidence is being offered to show a

2

person's conformity with past behavior, it is not admissible under Rule 404(b)(1). <u>U.S. v. Rogers</u>, 587 F.3d 816, 822 (7th Cir. 2009).

There are, however, limited exceptions to this rule, and one of those exceptions is the issue currently before the court. Fed. R. Evid. 415 states, "[i]n a civil case involving a claim for relief based on a party's alleged sexual assault . . . the court may admit evidence that the party committed any other sexual assault . . . ." Fed. R. Evid. 413 supplies the relevant definition for "sexual assault." Relevant to this case, a "'sexual assault' means a crime under federal law or under state law involving: . . . contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus."

The plaintiff asserts that the witnesses' testimony about how the defendant searched them is admissible under Rule 415 because the plaintiff's allegations that the defendant touched his genitals through his clothing means that his claim is "based on" an alleged sexual assault as that term is defined in Rule 413. Dkt. No. 96 at 3-4. The defendant disagrees with this position. The defendant asserts that Rule 415 does not apply because the plaintiff does not allege a federal or Wisconsin criminal violation, so the defendant has *not* been accused of a sexual assault as defined by Rule 413. Dkt. No. 93 at 2-3. In other words, in determining whether the plaintiff's claim is "based on" allegations of a sexual assault as required for Rule 415 to apply, the plaintiff urges the court to look at the facts underlying his Eighth Amendment claim and the defendant urges the court to look only at the elements of the claim itself.

3

The court agrees with the parties' assessment that the admissibility of the proposed witnesses' testimony under Rule 415 "turns largely on whether [the] claim for relief is 'based on' [an] alleged sexual assault within the meaning of the Rule." Boyce v. Weber, No. 19-cv-3825, 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021) (citing Fed. R. Evid. 415(a)). The parties have captured the two approaches that have emerged to address this inquiry. One approach, which is advanced by the defendant, is a categorial approach. Under this approach, a "court is confronted with a claim 'based on' a sexual offense only when the elements of that offense are also elements of the civil claim itself." Id. (citing 23 WRIGHT & MILLER, FED. PRAC. & PROC. EVID. §5403 (2d ed. 2021)). Accordingly, as the defendant argues, because the plaintiff's Eighth Amendment claim does not require that he prove he was sexually assaulted under federal or state law, Rule 415 does not apply, and therefore, under Rule 404(b)(1), other sexual assault evidence is not admissible as propensity evidence.

The alternative approach, which is advanced by the plaintiff, is a fact-specific approach. This approach considers only whether an alleged sexual assault constitutes a factual premise of the plaintiff's claim. Boyce, 2021 WL 2821154 at *9. The Seventh Circuit has explained why the fact-specific approach is the better approach: "The focus of the Federal Rules of Evidence is on facts, and the policy rationale for Rule 413 is that a person who has engaged in the covered conduct is likely to engage in it again. Rule 413 uses statutory definitions to designate the covered conduct, but the focus is on the

4

conduct itself rather than how the charges have been drafted." United States v. Foley, 740 F.3d 1079 (7th Cir. 2014). The Seventh Circuit was addressing Rule 413, which relates to criminal charges, but the reasoning applies with equal force to Rule 415, which relates to civil claims.

The court finds, as other courts have, "that the fact-specific approach is more faithful to Congress's intent in promulgating Rule 415." Boyce, 2021 WL 2821154 at *9; see also Bearchild v. Pasha, No. 14-12-H-DLC, 2021 WL 2457650, at *3-4 (D. Mont. June 16, 2021) (finding that Rule 415 applies in a case involving allegations of a sexual assault during the course of a pat-down search). The plaintiff alleges that the defendant touched his genitals through his clothing for four to seven seconds. As the plaintiff notes, contact of this nature with an individual who is confined in a correctional institution is a crime in Wisconsin. See Wis Stat. 940.225(h), Wis. Stat. 940.225(5)(b)(1)(a). Because the plaintiff has alleged that the defendant had contact with the plaintiff's genitals without his consent, see Fed. R. Evid. 413(d)(2), and because such contact is a crime in Wisconsin, the court concludes that the plaintiff's claim in this case is "based on" an alleged sexual assault as defined in Rule 413. Accordingly, evidence that the defendant committed other sexual assaults may be admitted under Rule 415 as propensity evidence.

There is one final step to the court's analysis. After determining that Rule 415 applies, the court must consider whether the testimony should be excluded under Fed. R. Evid. 403. U.S. v. Rogers, 587 F.3d 816, 821-22 (7th Cir. 2009). Under Rule 403, a court may exclude evidence "if its probative value

is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The defendant argues that even if Rule 415 applies, the witnesses should not be allowed to testify because there "is no substantiated prior offense which these witnesses allege that would satisfy admission under Rule 415" and "the probative value of this unsupported testimony is greatly outweighed by the risk of potential prejudice to [the defendant] because a jury might be tempted to award punitive damages against [him] for acts or omissions other than his pat-down search of [the plaintiff]." Dkt. No. 93 at 3.

Assuming the witnesses will testify as the plaintiff anticipates (an assumption the court will address shortly), the court concludes that the defendant's concerns do not support excluding the evidence under Rule 403. In support of his response to the defendant's summary judgment motion, the plaintiff filed declarations signed by the proposed witnesses, in which they both assert under penalty of perjury that, at the time of the searches, they talked to a few other people about how the defendant had searched them. Dkt. No. 61-1 at 10-11. Thus, the defendant is incorrect that searches about which the witnesses will testify are "unsubstantiated." More important, the defendant offers no basis for his conclusion that the searches must be "substantiated" for the witnesses to testify about them, and the court has found no support for such a requirement. See Doe v. Smith, 470 F.3d 331, 347-48 (7th Cir. 2006) (testimony of sexual assault that was not reported until three decades later

allowed under Rule 415); Boyce, 2021 WL 2821154, at *8-9 (testimony of multiple non-party accusers allowed under Rule 415 without reference to substantiation of accusations). While the lack of official complaints about the searches may influence the assessment of the witnesses' credibility, that's the for the jury to decide and not a basis for excluding the testimony.

The court also disagrees with the defendant that the probative value of the testimony is "greatly" outweighed by the risk of unfair prejudice to the defendant. If these two witnesses testify as the plaintiff anticipates, they will say that the defendant searched them differently than other officers searched them and in the same way alleged by the plaintiff. The defendant denies that he searched the plaintiff in the way the plaintiff alleges and asserts that any contact he had with the plaintiff's groin was incidental, that he strives to preserve the dignity of inmates in all searches he conducts and that his searches were not done to harass the plaintiff in any way. Dkt. No. 37 at ¶¶22, 25, 36. Testimony of the defendant's propensity to search inmates in a particular manner could bolster the plaintiff's testimony that the defendant searched him in the way he alleges. See U.S. v. Erramilli, 788 F.3d 723, 729 (7th Cir. 2015). As such, the probative value of this propensity evidence is substantial, especially because the witnesses are expected to testify that the alleged searches occurred around the same time and in the same way.

Further, the court finds that "the danger of *unfair* prejudice [is] low in this case." Erramilli, 788 F.3d at 730. Because the court has concluded that this evidence is admissible under Rule 415, "the chance that the jury will rely

on [a propensity] inference can no longer be labeled as 'unfair' for purposes of the Rule 403 analysis." Id. (citing Rogers, 587 F.3d at 822). The witnesses are expected to testify that the defendant searched them in a similar manner as the plaintiff alleges, so there is little chance the testimony will "incite the jury to an emotional decision." Id. Any danger that the jury will find in the plaintiff's favor because they think "the defendant is a bad person generally deserving of punishment" can be addressed with a limiting instruction reminding the jury of the scope of the issues they are to decide. Id. (citations omitted). Because the probative value of this evidence is high and the risk of unfair prejudice is low, the court finds that the witnesses' anticipated testimony, as described by the plaintiff, is admissible under Rule 403.

The court's analysis, however, is premised on an assumption that the witnesses will testify consistent with the plaintiff's expectations. The plaintiff highlights these witnesses' declarations as support for his expectations. But the representations in the witnesses' declarations are vague. Mr. Edwards asserted that the defendant would "touch all over [his] groinal area, and sometimes run his hands over [his] buttocks." Dkt. No. 61-1 at 10. Similarly, Mr. Bunch stated that the defendant would "run his hands over the back of my buttocks . . . and touch and feel all over my groin area." Id. at 11. Neither of them asserts how many times this happened, whether the defendant touched them with the front or back of his hand or how long the contact with their genitals lasted.

8

Without these details the court cannot conclude that the testimony is admissible under Rules 415 and 403. The defendant has explained that, during a thorough pat search, incidental contact with the groin area is possible. Testimony that the defendant only brushed against the witness's groin areas on one or two occasions will fare differently under a Rule 415 and 403 analysis than testimony that the defendant "grabbed and touched and felt all on [his] pen[is] groin and nuts between 4 to 7 seconds," as the plaintiff has asserted. [2] Before allowing these witnesses to testify in front of the jury, the court will require the plaintiff to make an offer of proof to satisfy the court that witnesses' testimony is admissible under Rules 415 and Rule 403. This can be done quickly the morning of trial.

Finally, to address the defendant's concern that the jury might base their liability or punitive damages decisions on improper grounds, the court will include a limiting instruction to the jury. The court encourages the parties to try to craft an agreed, proposed instruction on this topic. The court will address the parties' proposals and any objections at the jury instruction conference.

Dated in Milwaukee, Wisconsin, this 12th day of August, 2021.

BY THE COURT:

HON. PAMELA PEPPER
United States District Court Judge

---

[2] It perhaps goes without saying, but if the witnesses' descriptions of how the defendant searched them is not similar to the plaintiff's description of how the defendant searched him (for example, if they were to testify that the defendant had only incidental contact with their genitals with the back of his hand), their testimony would not be admissible under Rule 415 (because no sexual assault occurred) or 403 (because it would not be probative).

9