UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

                          Plaintiff,

v.                                            Case No. 17-cv-65-pp

ROBERT LADE,

                          Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL (DKT. NO. 111)**

On August 17, 2021, a jury decided that defendant Robert Lade did not violate the Eighth Amendment when he pat-searched plaintiff Brian Maus. Dkt. No. 103. The court entered judgment in favor of the defendant and dismissed the case that same day. Dkt. No. 104. The plaintiff was represented by attorney Briane Pagel, whom the court had recruited to represent the plaintiff at trial on a volunteer basis. The court terminated Mr. Pagel's representation on August 19, 2021. On September 16, 2021, the plaintiff, now representing himself, filed a motion for a new trial. Dkt. No. 111. The plaintiff argues that he is entitled to a new trial because 1) the court improperly dismissed defendants when it screened his complaint; 2) the court improperly granted summary judgment in favor of a defendant; and 3) Attorney Pagel made numerous decisions during the trial with which the plaintiff disagrees. Because none of these grounds entitle the plaintiff to a new trial, the court will deny his motion.

Fed. R. Civ. P. 59(a) gives a district court the authority to grant a party's motion for a new trial. "A new trial is appropriate if the jury's verdict is against

1

the manifest weight of the evidence or if the trial was in some way unfair to the moving party." Venson v. Altamirano, 749 F.3d 641, 656 (7th Cir. 2014).

I. **The Court's Dismissal of Defendants at Screening and Summary Judgment**

The plaintiff asserts that the court abused its discretion when it dismissed defendants at screening and at summary judgment. On July 16, 2018, the court issued an order screening the complaint and identifying cognizable claims as required by 28 U.S.C. §1915A. Dkt. No. 13. It ruled on the defendants' summary judgment motion on March 10, 2020. Dkt. No. 67. As the defendant notes in his response to the plaintiff's motion, if the plaintiff felt that the court erred in either of these rulings, he could have asked the court to reconsider the rulings. After the court issued a screening order, the plaintiff filed a motion asking this court to recuse itself, asserting that the court had conspired with state officials to cover up sexual assault. Dkt. No. 15. He argued that the court illegally had dismissed some defendants at the screening stage, id. at 2, but he did not ask the court to reconsider its ruling. (The court denied the motion to substitute. Dkt. No. 24.) The plaintiff did not ask the court to reconsider the summary judgment ruling (which dismissed another defendant).

In his reply brief in support of his motion, the plaintiff states, "The plaintiff couldn't of appealed the court's ruling at the time she dismissed the (11) defendants off his lawsuit or when Judge Pepper dismissed Lesatz off, during the summary judgment stage. The proper time to raise these issues is at the time of asking for a new trial, so if needed they can be appealed in one motion to the Seventh Circuit Court of appeals." Dkt. No. 114 at 1. It appears

2

that the plaintiff believes that the federal rules require him to address all issues he may want to raise on appeal in single, final motion. That is not correct.

Under Fed. R. Civ. P. 54(b), a court may revise any order adjudicating the rights of fewer than all the parties or claims at any time before it enters judgment. While the plaintiff is correct that he could not have appealed the court's screening and summary judgment decisions to the Seventh Circuit at the time the court issued those decisions, he could have asked the court to revise those decisions before the court entered judgment and dismissed this case. Now that the court has entered judgment, the appropriate way for the court to challenge the court's rulings at screening and summary judgment is to appeal.

The court also notes that to obtain a new trial, the plaintiff must show that the jury's verdict was against the manifest weight of the evidence or the trial was unfair to him. His arguments about what the court did at the screening stage or the summary judgment stage have no bearing on whether the *trial* was fair or whether the jury's verdict was against the evidence.

## II. Alleged Errors by the Plaintiff's Lawyer at Trial

The plaintiff catalogs many disagreements he has with Attorney Pagel's performance at trial. He asserts that his lawyer did not call three witnesses that the plaintiff wanted him to call, dkt. no. 111 at 9; that he did not object to two correctional officers sitting next to the plaintiff throughout the trial, dkt. no. 111 at 10; that his attorney had him "state to the jury" that the plaintiff

3

had three felony convictions, dkt. no. 111 at 10-11; that his lawyer should have presented his claim as a Prison Rape Elimination Act (PREA) violation rather than a sexual harassment claim, dkt. no. 111 at 12; that his attorney did not present the plaintiff's interrogatories or discovery as evidence, dkt. no. 111 at 12; and that his attorney did not object to one defense witness's recitation of his military record, dkt. no. 111 at 12.

In his reply brief, the plaintiff argued that the jury verdict was not supported by evidence because of all these issues. Dkt. No. 114 at 3. He also cited case law regarding legal malpractice. Id. at 5. The plaintiff conceded that he "can't raise ineffective assistance of counsel in a civil action" and that he is "bound by Attorney Pagel's misconduct and legal malpractice." Id. at 3.

The PREA does not create a private cause of action in federal court, so presenting evidence supporting a conclusion that the defendant violated the PREA would not have required the jury to conclude that the defendant violated the Eighth Amendment. See Bentley v. Baenen, No. 17-cv-1791, 2018 WL 1108701, at *2 (E.D. Wis. Feb. 27, 2018). Presenting such evidence could have confused the jury and prejudiced the defendant. Attorney Pagel's decision not to bring up the PREA, which is irrelevant to proving an Eighth Amendment violation, did not render the trial unfair.

Under Federal Rule of Evidence 609, a party may introduce the criminal convictions of a witness to challenge the witness's credibility. Under Rule 609(a)(1), the court *must* admit evidence of a witness's conviction of any crime punishable by imprisonment for more than one year, typically recognized as a

4

felony conviction. Finally, "[t]he law in this Circuit is well settled that for purposes of impeachment by prior conviction, it is appropriate to reveal the title, date, and disposition of the offense." United States v. Lewis, 641 F.3d 773, 783 (7th Cir. 2011). It was proper for the defense to elicit this testimony from the plaintiff; if Attorney Pagels had objected, the court would have overruled that objection based on the law.

Although the court allowed the plaintiff to appear in street clothes at trial, the plaintiff remained in the custody of the Wisconsin Department of Corrections and there were DOC officers seated next to the plaintiff throughout the trial. The plaintiff has argued before that having "non-testifying, uniformed corrections officers in the courtroom prejudiced him because their visibility signaled to the jury that he was a dangerous inmate." Maus v. Baker, 641 Fed. App'x 596, 600 (7th Cir. 2016). The Seventh Circuit disagreed, finding that the district court had "discretion to use reasonable measures to maintain order and safety in the courtroom." Id. (citations omitted). In that case, the court positioned the corrections officers at doorways and the court's security staff stood near the witness stand whenever a witness testified. Id. The court concluded, given that the jury never saw the corrections officers escort the plaintiff to or from the courtroom, that "locating the corrections officers in the courtroom's rear, where they were not adjacent to Maus, was not prejudicial error." Id.

The plaintiff complains in this case that the security officers were seated right next to him and asserts that he may as well have been shackled. But the

5

jury was aware that the plaintiff was incarcerated; his claim was based on an allegation that a prison guard sexually assaulted him. The jury did not see the corrections officers escort the plaintiff into or out of the courtroom or see him cuffed or shackled. The plaintiff was able to move back and forth to the witness stand—and to stand before the jury to demonstrate what he claimed the defendant had done to him—without corrections officers accompanying him. What little prejudice may have resulted from the officers sitting at counsel table a few feet away from the plaintiff did not outweigh the need to keep those in the courtroom safe and did not render the trial unfair.

Attorney Pagel's decision not to call as witnesses two other incarcerated persons who were pat searched did not render the plaintiff's trial unfair. The jury had an opportunity to hear both the plaintiff and the defendant testify about the pat searches. The jury found the defendant to be more credible. The plaintiff says that the putative three witnesses signed declarations attesting that the defendant had touched their genitals during pat searches; this is true. The plaintiff *did* file three declarations—one from Gawaine Edwards, one from Eddie Bunch and one from Eliezer Poventud. Dkt. No. 69-1 at 10-12. The plaintiff argues that the jury may have believed him instead of the defendant if other incarcerated persons had testified that the defendant pat searched them in a similar manner, but that is speculation. The language of the three declarations was suspiciously similar—almost identical—and the jury might also have found the plaintiff even less credible had they heard the other witnesses' testimony. At bottom, the plaintiff disagrees with his lawyer's

6

strategy decisions, which does not constitute a basis for granting the relief the plaintiff seeks. See Dupree v. Laster, 389 F. App'x 532, 534 (7th Cir. 2010) ("[T]here is no Sixth-Amendment right to effective assistance of counsel in a civil case, so [plaintiff's] dissatisfaction with counsel's performance does not warrant a new trial.").

The plaintiff complains that Attorney Pagel did not object to one of the defense witnesses (and former defendant) describing his military experience to the jury. Again, this is a strategy decision by a trial lawyer. The plaintiff's disagreement with that strategy decision does not warrant a new trial.

Finally, the plaintiff asserts that Attorney Pagel should have offered the defendant's discovery responses into evidence. Putting aside that this argument again demonstrates the plaintiff's disagreement with his lawyer's strategy decisions, the plaintiff has identified no rule of evidence that would have allowed the court to admit those documents into evidence. More to the point, the response the plaintiff cites to does not say what the plaintiff says it says (that the defendant sexually assaulted him). The plaintiff points to the defendant's response to his first interrogatory, in which the plaintiff asked: "Lade on May 27, 28, 29, 2011 and August 12, 20 2011 didn't you touch and grab and feel on the plaintiff penies [sic], groined [sic], and nuts during a pat search." The defendant's response stated, "At all times I conduct inmate searches (pat and otherwise) in compliance with DAI policy and my training." Dkt. No. 61-1 at 13. Even if Attorney Pagel could have convinced the court to admit this response into evidence, it would have had no evidentiary benefit to

7

the plaintiff because the response is consistent with how the defendant testified at trial.

The court **DENIES** the plaintiff's motion for a new trial. Dkt. No. 111.

Dated in Milwaukee, Wisconsin, this 20th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**